**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| Michael Feldman,<br><br>Plaintiff,<br><br>-v-<br><br>DARPA Microsystems Technology Office, Anna Tauke Pedretti, Wendy Smith, Michael Gehressen, Whitney Mason, Stephen Windchell, United States Attorney - Alexandria, VA,<br><br>Defendants. | 2:25-cv-5904<br>(NJC) (ST) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is an Amended Complaint filed by Michael Feldman, acting pro se, against Defense Advanced Research Projects Agency Microsystems Technology Office ("DARPA"), five individuals alleged to work in its Arlington, Virginia office in job titles alleged to include "Artificial Intelligence Intrusive Computer" and "Electronic Warfare Intrusive Surveilance [sic]", and the "United States Attorney-Alexandria VA" (collectively, "Defendants"). (Am. Compl. ECF No. 13.) On January 7, 2026, the Court denied a motion Mr. Feldman had filed on October 29, 2025, which sought the undersigned's recusal, and ordered that Mr. Feldman show cause by January 21, 2026, either by written letter or by filing a second amended complaint, why the Court should not sua sponte dismiss the Amended Complaint with prejudice as factually frivolous. (ECF No. 22.) The Court incorporates by reference that Order to Show Cause in full, including its recitation of facts, procedural history, and legal standards.

Subsequent to the Court's issuance of the Order to Show Cause, on January 14, 2026, Mr. Feldman filed a letter alleging that he "testifys under oath, that he is being harassed and assaulted

by darpa microsystems" and "has evidence, in the form of a recorded tape of darpa artificial intelligence, photos of 1st degree burns to Mr. Feldmans, face and stomach," and that the undersigned "refuses to investigate the harassment." (ECF No. 23 at 1.)[1] He additionally alleges that he lives three miles from a cell phone tower and DARPA "is directing microwave energy into [his] home" from the cell tower. (*Id.* at 2.)

On January 16, 2026, Mr. Feldman filed a second letter moving for the undersigned's recusal on the basis that he "would prefer to have a judge . . . who will try to protect the feldman family" and because he alleges in conclusory fashion that the undersigned "seems to have a personel, and direct and substantial, precuniary interest in the outcome" of this action. (ECF No. 25.) The letter also cites, "for [the Court's] information," three cases involving claims related to government surveillance. (*Id.*)

The Court's January 21, 2026 deadline for Mr. Feldman to show cause why this action should not be dismissed has passed. Accordingly, the Court treats Mr. Feldman's January 14 and 16, 2026 letters as his response to the Court's Order to Show Cause. Upon review of those letters, the Court denies Mr. Feldman's second recusal motion and dismisses the Amended Complaint with prejudice as factually frivolous.

First, Mr. Feldman's motion to recuse is denied because it largely repeats claims that the Court rejected when it denied Mr. Feldman's first recusal motion. (*See* ECF No. 22 at 8.) Indeed, Mr. Feldman's stated preference for a judge "who will try to protect the feldman family" makes clear that the basis for his motion is that he is dissatisfied with the Court's rulings. (ECF No. 25.) However, as the Court explained in its January 7, 2026 Order, "[d]isagreement with a court's

---

[1] Excerpts from Mr. Feldman's submissions have been reproduced here exactly as they appear in the original. Errors in spelling punctuation, and grammar have not been corrected or noted.

decision, in and of itself, is not a sufficient basis to grant a recusal motion." (ECF No. 22 at 8 (quoting *Wallen v. Teknavo Grp.*, No. 12-cv-6196, 2022 WL 17742338, at *2 (E.D.N.Y. Dec. 12, 2022)).). Moreover, Mr. Feldman provides no basis for his assertion that the undersigned has a "personel, and direct and substantial, precunary interest in the outcome" of this action. (ECF No. 25.) To be clear, undersigned does not have any personal or pecuniary interests in this action. Mr. Feldman's conclusory allegation of bias therefore reflects nothing more than his disagreement with the Court's rulings.

Similarly, Mr. Feldman's January 14, 2026 letter fails to demonstrate that the factual allegations in the Amended Complaint are not "irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Scanlon v. Vermont*, 423 F. App'x 78, 79 (2d Cir. 2011) ("An action is frivolous if it lacks an arguable basis in law or fact—i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (alteration in original))). As the Court reasoned in the January 7, 2026 Order,

> The Amended Complaint alleges that Defendants have subjected Mr. Feldman to "electronic warfare Radiation and microwaves sickness illness." . . . However, Mr. Feldman was unable to substantiate these assertions at a telephone hearing concerning his motion for a temporary restraining order held on October 28, 2025 . . . . These conclusory allegations, even read liberally and even if Mr. Feldman subjectively believes them to be true, therefore appear to be frivolous. Indeed, [d]istrict courts have sua sponte dismissed fee paid complaints asserting similar conclusory claims.

(ECF No. 22 at 9 (collecting cases).) Nonetheless, the Court provided Mr. Feldman one final opportunity to substantiate his claims by pleading the factual allegations in the Amended Complaint with greater particularity. (*Id.*)

Mr. Feldman's subsequent filings fail to demonstrate the plausibility of his claims. For example, Mr. Feldman's unsubstantiated claim that DARPA is "directing microwave energy into

3

[his] home" from a nearby cell tower is wholly conclusory, and Mr. Feldman's stated willingness to testify under oath to substantiate this claim does not cure the problem where he has offered no factual support for his assertions. (ECF No. 23.) Likewise, although Mr. Feldman alleges that he has photo and video evidence corroborating his claims, he has not submitted that evidence despite being given multiple opportunities to amend his pleadings. (*See id.*; *see also* ECF No. 22.)

Accordingly, the Amended Complaint is dismissed with prejudice as factually frivolous. *See Jean-Baptiste v. Almonte Stream Food Corp.*, No. 23-438, 2023 WL 7293777, at *1 (2d Cir. Nov. 6, 2023) (summary order) (holding that because the plaintiff "had been given two opportunities to amend his complaint" it was not reversable error for the district court to dismiss the complaint sua sponte as frivolous).[2]

## CONCLUSION

For the reasons stated above, the Court denies Mr. Feldman's motion to recuse and dismisses the Amended Complaint with prejudice as factually frivolous. Accordingly, the Clerk of Court is respectfully directed to close the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*,

---

[2] A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. Cty. of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quotation marks and citation omitted). However, leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, Mr. Feldman has already amended his complaint once and despite being given an additional opportunity to substantiate his claims, he has failed to do so. (*See* Am. Compl.) Therefore, leave to amend would be futile.

369 U.S. 438, 444–45 (1962). The Clerk of the Court is respectfully directed to mail a copy of

this Order to Mr. Feldman at his address of record and to record such mailing on the docket.

Dated: Central Islip, New York
      February 11, 2026

                        */s/ Nusrat J. Choudhury*
                        NUSRAT J. CHOUDHURY
                        United States District Judge